June 18, 1980, for the present charges of escape and carrying a concealed weapon. Arraignment on both charges occurred June 25, 1980. In reviewing defendant's speedy trial claim, we count only those days after arraignment on the final charge; we do not consider the time that elapsed in connection with the nolle prossed charge. *State v. Allen,* 641 S.W.2d 471 (Mo.App.1982). The statutory 180 days thus commenced June 25, 1980. Trial began 124 days later on October 27, 1980, well within the statutory limit. Point denied.

The judgment is affirmed.

SNYDER, P.J., and LACKLAND H. BLOOM, Special Judge, concur.

The parties concede that neither of them had ever owned one of the properties against which the court attempted to impress a lien. The portion of the court's order that attempts to create a lien against this property is stricken.

We have examined the record and have concluded that the judgment should be affirmed in all other respects because it is supported by substantial evidence, is not against the weight of the evidence, and it neither erroneously declares nor erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.App.1976).

Affirmed as modified.

All Judges concur.

Clifford J. BREEDING, Appellant,

v.

Ruth M. BREEDING, Respondent.

No. 45195.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Isaac E. Young, Maplewood, for appellant.

James R. Anderson, Webster Groves, for respondent.

PER CURIAM:

Husband appeals from the trial court's order partially sustaining wife's "supplemental motion pendente lite." In that order, the court directed husband to pay wife's hospital bills and attempted to make its order a lien against two parcels of real property.

Glindwood STRETCH,
Plaintiff-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,
Defendant-Appellant.

No. 45388.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 11, 1983.

